COLLINS v. HASBROUCK, appellant.

*Lease — condition against subletting — when lease forfeited.*

A lease contained a clause forbidding subletting without consent of lessor,
and provided that subletting should forfeit the lease.   The consent of the
lessor was given to subletting for a portion of the term, and without his
knowledge the lessee sublet for the portion with a privilege of renewal upon
notice for the balance of his term.   The sublease was afterward transferred
by the sublessee to another party for value, to which transfer the landlord
gave his consent in writing on the sublease.   The landlord was ignorant of
the provision for renewal.

*Held,* that if the transferee for value was ignorant that the consent of the
landlord was obtained by fraud, he would not be liable to forfeit his lease.

*Held,* also, that if the notice of renewal provided for in the sublease was given,
the sublease would extend over the whole term of the original lease, and
was equivalent to an assignment of that lease, and would not work a forfeit-
ure under the provision against subletting.

THIS was an action of ejectment brought by the plaintiff to
recover possession of a store and basement in the city of Syracuse.
The plaintiff recovered and the defendant appeals.   The plaintiff
owned the premises and on the 30th of December, 1863, leased the
store No. 49 in the Collins Block, in the city of Syracuse, to Leopold
Schwartz, Leopold Bronner and Burchard Bronner, for the term
of ten years from the 1st of April, 1864, at an annual rent specified
in the lease.   The lease provided, among other things, that the
lessees should not, during such term, sublet or relet said premises,

nor any part thereof without the written consent of said lessor, and in case of a violation of said covenant, said lease should terminate at the option of the party of the first part, and the party of the second part should be deemed and considered in fact, and in law, a tenant holding over after his term had expired without the permission of the landlord. On the 1st of April, 1865, plaintiff leased the basement room under the store No. 49, to the same parties for the term of nine years from that date, and the lease contained the same conditions against subletting or reletting as is contained in the lease of said store. On the 19th of August, 1867, the plaintiff gave his consent in writing that the lessees above named might lease a part of the basement under No. 49, to Joseph G. Brown for the term of two years and seven months, from September 1, 1867. On the same 19th of August, the lessees Schwartz and others, leased the part of the basement referred to in the consent signed by the plaintiff, to lease for two years and seven months to said Brown for said term of two years and seven months, with the privilege to said Brown to extend the term four years longer by giving two months' notice of his desire to have it so extended. Brown assigned his lease to Hawley & Co., and they assigned the same to the defendant who entered and occupied under said lease, and was in possession when the plaintiff demanded a surrender of the possession, and when this action was brought. The plaintiff claims the leases were forfeited by reason of the subletting by Schwartz and the Messrs. Bronner, for the term of four years, after the expiration of the term of two years and seven months, to which subletting he had consented. The facts relating to the question of consent by the plaintiff are as follows, viz.: On the 14th of October, 1867, Brown assigned his lease from Bronner and Schwartz to Hawley and others. On the same day one of the Messrs. Bronner took the lease to Brown to plaintiff, and, as he says, showed it to him and asked him to indorse his consent. The plaintiff says he did not read the lease and did not know there was in it a provision that the term might be extended at the election of Brown. Plaintiff indorsed his consent to the assignment of the lease by Bronner and Schwartz to Brown, to Hawley, Pierce & Co. This consent was on the lease when Hawley, Pierce & Co. assigned it to the defendant. The court submitted four questions to the jury to be answered by them on the rendition of the verdict, as follows: 1. Did Brown insert in the lease from Bronner to Brown, the clause giving Brown the right to extend the

term for four years after he exhibited to, and it was examined by, the plaintiff? The answer was "he did." 2. Did Collins, when he signed the consent dated October 14, 1867, to the assignment by Brown to Hawley and others, of the lease of Bronners to Brown, know the clause was in the lease giving the lessee the option to extend the terms of the lease for four years? The answer was *"he did not."* 3. Did the plaintiff ever consent in writing to the lease executed by Bronners to Brown dated August 19, 1867, read in evidence in this case? The answer was *"he did not."* 4. When was the plaintiff first informed of the provisional clause in the lease of Bronners to Brown? The answer was "the fore part of January, 1870." The jury rendered a verdict in favor of the plaintiff.

*Ruger, Wallace & Jenney,* for appellant, cited *Livingston* v. *Stickles,* 7 Hill, 253; *Bedford* v. *Terhune,* 30 N. Y. 453; *Jackson* v. *Harrison,* 17 Johns. 66; *Seifke* v. *Koch,* 31 How. Pr. 383; *Roosevelt* v. *Hopkins,* 33 N. Y. 81; *Lynde* v. *Hough,* 27 Barb. 415; *Jackson* v. *Silvernail,* 15 Johns. 279; *Breese* v. *U. S. Tel. Co.,* 45 Barb. 291; *Lewis* v. *Great Western Railway Co.,* 5 H. & N. 867; *Jackson* v. *Stevens,* 16 Johns. 109; *Jackson* v. *Bull,* 1 Johns. Cas. 81; *Barber* v. *Harris,* 15 Wend. 615; *Jackson* v. *Foster,* 12 Johns. 488; *Breck* v. *Cole,* 4 Sandf. 79; *Bleecker* v. *Smith,* 13 Wend. 530; *Manice* v. *Millen,* 26 Barb. 41.

*Collins & Goodelle* and *Isaac D. Garfield,* for respondent, cited *Brant* v. *Livermore,* 10 Johns. 358; Taylor's Landl. & Ten. 698; *Jackson* v. *Brownson,* 7 Johns. 227; *Doe* v. *Bliss,* 4 Taunt. 735; *Duppa* v. *Mayo,* 1 Saund. 288, note *y ; Griffith* v. *Pritchard,* 5 Barn. & Ad. 781, opinion of PATTESON, J.; *McKildore* v. *Darracott,* 13 Grat. 278 (at 285, 286); *Dumpor's Case,* note to 1 Smith's Lead. Cas. 101; *Doe* v. *Woodbridge,* 9 B. & C. 376; *Doe* v. *Peck,* 1 Barn. & Ad. 428; *Doe* v. *Jones,* 5 Exch. 498; *Bennett* v. *Herring,* 3 C. B. N. S. 370; *Baylis* v. *Le Gros,* 4 id. 536; *Bleecker* v. *Smith,* 13 Wend. 533; *Jackson* v. *Allen,* 3 Cow. 220; *Pennant's Case,* 3 Coke, 64; *Jackson* v. *Shutz,* 18 Johns. 174; *Keeler* v. *Davis,* 5 Duer, 507; *Hazzard* v. *Franklin Ins. Co.,* 7 R. I. 429; Coke Lit. 211 (*b*); Woodfall on Landl. & Ten. 203; *Doe* v. *Batten,* Cowp. 246; *Jenkins* v. *Church,* id. 482; *Holden* v. *Putnam Ins. Co.,* 46 N. Y. 1; *Wilcox* v. *Howell,* 44 id. 398; *Dows* v. *Rush,* 28 Barb. 158; *Mechanics' Bank* v. *N. Y. & N. H. R. R.,* 13 id. 638; *Griffin* v. *Richardson,* 11

Ired. 439; *Wright* v. *Hazen*, 24 Vt. 143; Herman on Estoppel, § 411; *Norton* v. *Kearney*, 10 Wis. 443; *Malony* v. *Horan*, 12 Abb. N. S. 289; *Martin* v. *Powers*, 38 Cal. 300; *Post* v. *Kearney*, 2 Conn. 394; *Collamer* v. *Kelley*, 12 Iowa, 318; *Piggot* v. *Masoun*, 1 Paige, 412; 2 Greenl. Cruise, 121, 122; *Paultney* v. *Holmes*, 1 Strange, 405; *Martin* v. *O' Conner*, 43 Barb. 514; *People* v. *Robertson*, 39 id. 9.

MULLIN, P. J.   The jury having found that the provision giving Brown the election to have his term under his lease from the Bronners extended four years from the two years and seven months, for which plaintiff had consented the Bronners might underlet, was inserted after the plaintiff had indorsed his consent to the assignment of Bronners' lease to Brown, and that the existence of such a provision in the lease was not known to the plaintiff until January, 1870, the fraud in obtaining such consent was conclusively established, and the consent was clearly void as between the plaintiff and the Bronners.   The defendant insists that, as this consent was indorsed on the lease when it was assigned to him, and it is not shown that he had any knowledge or notice that the consent had been obtained by fraud, the plaintiff cannot insist upon a forfeiture of the term as against him by reason of the fraud of Bronner.   The defendant purchased the lease of Pierce and others and paid value therefor, and assumed the payment of the rent, and there is no evidence whatever in the case that he knew of the fraud practiced by Bronner on the plaintiff.   He is therefore a *bona fide* purchaser, and entitled to protection as such.   *Sweet* v. *Green*, 1 Paige, 473, is conclusive on the point.   This question was not raised in the court below, nor even suggested.   The judge began his charge by saying that he was going to submit to them whether the consent of the plaintiff had been obtained by fraud, and he submitted to them no other question, nor was he requested to submit any other question to them, nor to decide as matter of law what rights defendant had, if any, as a *bona fide* purchaser.   It is, therefore, too late to attempt to raise them on the appeal.   The exceptions to the charge do not require examination.   The defendant's counsel insists that in law there was no subletting of the premises, for the reason that the letting being for the whole residue of the lease created by Bronners' lease, it was in law an assignment of the lease; an assignment is not a forfeiture of the lease.   The lease to Brown was for two years and seven months from the 1st of September, 1867, which term ended on the

1st of April, 1870. If he desired an extension of the lease for four years longer, he was required to give two months' notice. Until that notice was given the letting was not equivalent to an assignment of the Bronners' lease. The service of the notice did *ipso facto* extend the term for four years, or the whole remainder of the term created by the lease to the Bronners. This was equivalent to the assignment of the lease, and did not operate as a forfeiture of it. But this question was not raised on the trial, the judge gave no instruction to the jury upon it, nor did he make any ruling in reference to it. It is too late to raise it upon the appeal. For these reasons, the judgment must be affirmed.